UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| WARREN K. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:17CV-00150-JHM |
| | ) |
| CUSTOM RESINS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Warren K. King ("King"), by counsel, against Defendant, Custom Resins, Inc., ("Defendant"), for its discriminatory actions against him based on his age and disability in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA") and the Kentucky Civil Rights Act ("KCRA"). King additionally alleges Defendant retaliated against him during his employment based on his protected activity complaints concerning his requests for accommodations pursuant to his recognized disability in further violation of the ADA and KCRA.

**II. PARTIES**

2. At all times relevant to this action, King resided within the Western District of Kentucky.

3. The Defendant is a corporation that conducts business in the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626 and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 42 U.S.C. § 1211(5)(A) and KRS 344.030(2).

6. King, at all times relevant, was an "employee" as that term is defined by 29 U.S.C. § 630(f), 42 U.S.C. § 12111(4) and KRS 344.030(5). King is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of King's disability and/or it regarded King as being disabled and/or King has a record of being disabled.

7. King exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. King received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Western District of Kentucky, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9. King is presently fifty-three (53) years old and was hired by the Defendant on or about February 28, 2009 and held continuous employment with Defendant until his employment was terminated on or about May 2, 2016.

10. King was employed with the Defendant as an Industrial Electrician and believes at all times relevant during his employment he met or exceeded the Defendant's legitimate performance expectations.

11. On or about August of 2013, King was involved in a motor vehicle accident which resulted in a disability in his back which affected major life activities such as standing, walking, twisting, carrying and other aspects of mobility.

12. In 2015, King's other disability—Carpal Tunnel syndrome began to become aggravated. This disability affects all major life activities involving the use of the hands and wrists such as gripping and carrying.

13. Defendant had knowledge of King's disabilities as he had filed for and been approved for leave under the Family and Medical Leave Act in the past for the disabilities.

14. King had surgery for his Carpal Tunnel syndrome in October of 2015 and the Defendant was once again formally placed on notice of King's disabilities at that time.

15. After the surgery and pursuant to his disabilities, King was initially provided work restrictions by his physician and requested a disability accommodation from Defendant allowing him to return to work while also honoring his physician's restrictions provided.

16. King was initially provided the requested accommodation upon his immediate return from surgery, however in November of 2015 King was ordered by his direct supervisor and the Maintenance Supervisor for the Defendant--Homer Watson ("Watson"), to perform work outside of his provided restrictions and accommodation.

17. King immediately engaged in protected activity and complained to Watson that he was being ordered to work outside of his restrictions and accommodation in place due to his disability.

18. Watson responded to King's protected activity complaint by verbally attacking King, cussing directly in his face, slamming cabinet doors and breaking other pieces of work equipment out of anger.

19. King states that from that point forward in his employment Watson bullied and harassed him and provided him with disparate treatment when compared to similarly-situated employees of the Defendant who did not suffer from a recognized disability and/or who had not engaged in protected activity and requested disability accommodations.

20. King believes he was not paid for his required thirty (30) minute lunch breaks when other similarly-situated employees of the Defendant who did not suffer from a recognized disability and/or who had not requested disability accommodations named Johnny Lee and Michael Harvey were paid for those same required break times.

21. Watson's bullying, harassment and disparate treatment towards King continued until King's employment was terminated on or about May 2, 2016 by the Defendant for alleged "absenteeism."

22. King states the Defendant failed to follow its own written and established cumulative disciplinary policy concerning "absenteeism" in his termination process proving Defendant's provided reasoning for his termination is merely pretext for its true discriminatory and/or retaliatory motive.

23. King believes he was replaced in his employment and his duties and responsibilities were assumed by Andy Fruit, a similarly-situated substantially younger individual who is not known by the Defendant to suffer from a recognized disability and/or who has never requested any disability accommodation in the past from Defendant.

24. King has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against his employment.

## V. LEGAL ALLEGATIONS

### COUNT I: AGE DISCRIMINATION

25. King hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Defendant violated King's rights as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. and Kentucky Civil Rights Act by discriminating against him based on his age and by subjecting him to less favorable terms and conditions in his employment when compared to similarly-situated substantially younger individuals and by ultimately terminating his employment and replacing him with an individual outside of the protected class.

27. Defendant's actions were intentional, willful, and in reckless disregard of King's rights as protected by the ADEA and KCRA.

28. King has suffered harm as a result of Defendant's unlawful conduct and actions.

### COUNT II—DISABILTY DISCRIMINATION

29. King hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Defendant violated King's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. and Kentucky Civil Rights Act by failing to engage in the interactive process, failing to provide a reasonable disability accommodation upon request and then by discriminating against and ultimately terminating his employment based upon his disability.

31. Defendant's actions were intentional, willful, and in reckless disregard of King's rights as protected by the ADA and KCRA.

32.     King has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III--RETALIATION

33.     King hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34.     King requested a reasonable accommodation pursuant to his disability upon his return to work from a surgery concerning his disability.

35.     The Defendant retaliated against King for his accommodation request by subjecting him to bullying and disparate treatment when compared to similarly situated co-workers not known by the Defendant to suffer from a recognized disability and/or who have never requested any disability accommodation in the past from Defendant and by ultimately terminating his employment.

36.     Defendant's actions were in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. and Kentucky Civil Rights Act

37.     Defendant's actions were willful, intentional and done with reckless disregard for King's civil rights.

38.     King has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.     Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age and/or disability;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff liquidated damages for its discriminatory actions under the ADEA;

5. Pay to Plaintiff compensatory, consequential and punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Warren K. King*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Warren K. King, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Warren K. King*